## Hughes *vs.* Bloomer and others.

Where a defendant by mistake or under a misapprehension of his rights, or of the facts of the case, makes an admission in his answer which is inconsistent with the truth, the court will permit him to file a supplemental answer, correcting the mistake, to enable him to produce proof to show that the fact is otherwise than is admitted by him in his original answer.

But the court will not permit such supplemental answer to be filed, unless it is evident that there has actually been a mistake in the original answer, and that the general justice and equity of the case requires a supplemental answer.

1841.

Hughes
v.
Bloomer.

The practice of amending the original answer on file is discontinued; and the present practice of the court of chancery, where a proper case is made out, is to permit the defendant to file a supplemental answer.

Where the court permits a supplemental answer to be filed after the parties have commenced taking testimony in the cause, it is proper to allow the testimony already taken to be used upon the hearing, without a re-examination of the witnesses to the same facts; but giving the parties an opportunity to give further proof as to the new matters put in issue by the supplemental answer.

A defendant who is allowed to put in a supplemental answer to correct a mistake in his original answer, should be required to pay the extra costs to which the adverse party has been subjected by his neglect to put in a proper answer in the first instance.

August 17.

THIS was an appeal by the complainants from an order of the vice chancellor of the first circuit, allowing the defendant A. Birkbeck, to file a supplemental answer. The bill was filed by a judgment creditor of E. Bloomer, after the return of an execution unsatisfied, to reach property of the latter alleged to have been fraudulently assigned to the defendant Moon; and Birkbeck and Hegeman were made defendants as subsequent assignees of Moon. Hegeman, Moon and Birkbeck put in a joint and several answer, in which it was admitted, among other things, that the property originally assigned by Bloomer to Moon had been subsequently assigned by Moon to Hegeman and Birkbeck, and that they had assumed the control and disposition of such property. The order appealed from was founded upon the affidavit of Birkbeck, supported by others who were his neighbors and well acquainted with him, that he was an unlearned but industrious mechanic, unacquainted with legal forms and proceedings; that the answer, which was very long, had been drawn by the solicitor of and under the direction of his co-defendants; and that he had put it in under a misapprehension of the subject and effect of the admissions therein contained. The cause was in readiness for hearing, upon pleadings and proofs, at the time notice of the application was served on the complainant's solicitor. And the vice chancellor allowed a supplemental answer to be filed upon payment of the costs of noticing the cause for hearing.

*J. Rhoades*, for the appellant.

*W. Kent & B. D. Silliman*, for the respondent.

THE CHANCELLOR.  The practice of amending the answer of a defendant, which prevailed previous to the time of Lord Thurlow, has been discontinued in this country, as well as in England.  The modern practice is, upon a proper case shown to the court, to permit the defendant to file a supplemental answer; thus giving the complainant the benefit of the original answer, with the explanations or denials contained in the supplemental answer.  Under such an answer if the defendant, by mistake or misapprehension of the facts of the case, or of his rights, has made an admission in his original answer, which is inconsistent with the truth, he will have an opportunity, by proofs, to show the fact was otherwise, and thus relieve himself from the consequences of his mistake.  Although the court acts with great caution in allowing a supplemental answer to be filed, and never permits it except where it is evident there has been an actual mistake, and where the general equity and justice of the case requires it, I think, under the peculiar circumstances of this case, the vice chancellor was right in permitting the respondent to correct the erroneous admissions and statements in his former answer.  Even if the counsel of Birkbeck are wrong in supposing that Moon's assignment was not broad enough to reach the property which Bloomer is alleged to have assigned to Moon in fraud of the complainant, if Birkbeck was ignorant of the assignment to Moon, and only supposed he was accepting an assignment of the property which originally belonged to the latter, for the benefit of his creditors, he may not be liable for the property of Bloomer which never was in fact in the possession of or under the control of Moon; provided the respondent never has exercised any ownership or control over that property, nor authorized any other person to do so for him.  On the other hand, if the respondent has allowed his name to be used for the

purpose of defrauding the creditors of Bioomer, and has accepted an assignment from Moon containing a transfer of the legal title to property which had been fraudulently assigned to the latter, the fact that the respondent has not actually used the property himself, but has merely suffered it to be used or squandered by his co-assignee, or by Bloomer or Moon, will not protect him from liability to account for its value to the creditors of Bloomer.

Upon the facts presented to the vice chancellor, the order for leave to file a supplemental answer correcting the erroneous admissions and statements in the answer prepared for him by the solicitor and counsel of his co-defendants was therefore properly granted. But to save useless expense, and to prevent any unnecessary delay, the order should have expressly provided that the testimony already taken in the cause might be used upon the hearing in the same manner as if the supplemental answer had been put in previous to the taking of such testimony ; and that either the complainant, or Birkbeck the respondent, be at liberty to furnish a new list of witnesses, and to take proofs as to the matters of such supplemental answer or of any matter put in issue thereby, I think the appellant should also have been allowed his costs of opposing this application, to be taxed, with the costs of noticing the cause for hearing, and to be paid within twenty days after service of a copy of the taxed bill. The order must therefore be modified accordingly ; and neither party is to recover costs as against the other, upon this appeal.

The proceedings to be remitted to the vice chancellor.